Robert SEYBOLD, Petitioner-Appellant,

v.

STATE of Indiana, Respondent-Appellee.

No. 1–683A202.

Court of Appeals of Indiana,
First District.

Dec. 14, 1983.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Latr", Latrielle Wheat, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant Robert Seybold (Seybold) appeals from a ruling of the Lawrence Circuit Court denying his petition for post-conviction relief wherein Seybold alleged that his guilty plea was not entered knowingly, intelligently or voluntarily pursuant to IND.CODE 35–4.1–1–3(c)[1], namely the court failed to advise him of his right to a public and speedy trial.

We affirm.

## STATEMENT OF THE FACTS

On March 10, 1981, Seybold was charged by information with the offense of Dealing in a Schedule II Controlled Substance. After many pre-trial motions and an omnibus hearing held on July 17, 1981, the court scheduled a trial by jury on December 8, 1981, without objection from Seybold or his attorney.

On November 4, 1981, Seybold's attorney advised the court that Seybold wanted to change his plea, and the court scheduled a guilty plea hearing for November 18, 1981, less than three weeks before the date originally set for trial by jury. After advising Seybold of his constitutional rights at the November 18 hearing, the court accepted the plea agreement and sentenced Seybold accordingly.

Thereafter, on April 8, 1983, Seybold filed a petition for post-conviction relief alleging that his guilty plea was not entered knowingly, intelligently or voluntarily since the court had failed to advise him of his right to a public and speedy trial by jury pursuant to the statute. After reviewing the entire record, the trial court entered comprehensive findings of fact and conclusions of law in denying Seybold's petition.

1. Repealed by Acts 1981, P.L. 298, Sec. 9(a)

## ISSUE

Restated, the sole issue on appeal is whether the trial court's advisement on the right to a trial was sufficient to show that Seybold's guilty plea was given voluntarily and intelligently.

## DISCUSSION AND DECISION

Seybold contends that his guilty plea was not intelligently and voluntarily given because the trial court failed to advise him that he had the right to a "public and speedy" trial. Seybold cites *Brown v. State*, (1982) Ind.App., 435 N.E.2d 582 for the proposition that a guilty plea is not intelligently and voluntarily entered, and reversal is required, if the record does not affirmatively show an advisement by the trial court of all the rights enumerated under IND.CODE 35–4.1–1–3.

In response, the State correctly points out that while our Supreme Court requires strict compliance with our statute in order to determine whether a waiver of rights is intelligently and voluntarily given, trial courts do not have to use any particular language in carrying out the mandate of the statute. *Garringer v. State*, (1983) Ind., 455 N.E.2d 335; and *Mathis v. State*, (1980) Ind., 406 N.E.2d 1182.

IND.CODE 35–4.1–1–3(c) requires, *inter alia*, the trial court to inform the defendant, "that by his plea of guilty he waives his rights to a public and speedy trial by jury...". In *Mathis*, the trial court advised the defendant of his right to a public trial, but did not advise him of his right to a speedy trial. However, the Indiana Supreme Court upheld the trial court's denial of Mathis' petition for post-conviction relief because the record disclosed that the petitioner had filed pre-trial motions for a speedy trial which "were adequate to show that petitioner had been meaningfully informed of his rights to a speedy trial...". *Mathis, supra*, at 1184.

In *Brown*, the trial court advised the defendant of his right to a trial by jury but did not inform him of his right to a public

and recodified under IND.CODE 35–35–1–2.

and speedy trial. Since nothing in the record of the guilty plea hearing indicated that the defendant in *Brown,* in contrast to the defendant in *Mathis,* was meaningfully informed of his right to a public and speedy trial, the Court of Appeals reversed the denial of his post-conviction relief petition.

The State contends that the record in the instant case, like *Mathis,* supports the conclusion that Seybold was meaningfully informed of his rights and that his guilty plea was knowingly and voluntarily entered. At the July 17, 1981 omnibus hearing, the trial date was set for December 8, 1981. Then, on November 18, 1981, Seybold decided to change his plea and waive his right to a trial by jury. At the November 18 hearing, the trial judge told Seybold the following, in relevant part:

"Q. Now if you maintain your innocence to this charge—or these charges—you do have have the right to a trial either before a judge or a jury, and we did in fact have a jury trial scheduled for you on December the 8th. If you do have a trial, Robert, you have the right to face the people who have accused you of committing these offenses and have your lawyer cross examine those people at the trial. If there is a trial and there are people you would like to appear at that trial to testify in your behalf, we can issue subpoenas and compel the attendance of those people at the trial of the cause. Now at that trial the State, through the prosecuting attorney, has the entire burden of proof. They must prove each of the essential elements of these charges before you can be found guilty. That burden of proof is proof beyond a reasonable doubt, and the burden rests with the State entirely throughout the trial. That means that you are not required to present any evidence in your defense, you have the right to remain silent both under dictates of the Constitution and under the concept that the State must prove your guilt by evidence the State is able to present against you. So do you understand that if you enter a plea of guilty today you must admit your guilt before I can take your plea? Having admitted your guilt there will be no trial, and consequently you will be waiving these rather substantial rights that you have because you're charged. Do you understand all that, Robert?

A. Yes, Your Honor.

Q. Because that was a very long statement, are you certain? Do you have any question about anything I've said?

A. No, Your Honor.

Q. Okay. And you understand that I can't take your plea unless you admit your guilt?

A. Yes, Your Honor.

Q. And there will be no trial if that occurs?

A. Yes."

The trial judge did not use the words "public and speedy" in reference to the right to a trial by jury; however, the judge did carefully advise Seybold of his right to a jury trial which had already been scheduled for December 8, 1981, just three weeks away. The trial judge further informed Seybold that he would have the right to confront the witnesses against him and to compel the attendance of any witnesses he desired at his trial. The court's reference to the upcoming trial date was sufficient to inform Seybold of his right to a speedy trial. Seybold was meaningfully informed of his right to a public trial when the court advised him of the right to confront witnesses against him and to have any witnesses testify on his behalf.

In a recent Indiana Supreme Court case, *Garringer, supra,* Justice Hunter faced the same issue and stated:

"Under the circumstances of this case, we do not find the omission of the words 'public and speedy' during the discussion of the right to a trial by jury to be a fatal flaw. Defendant clearly knew how

speedy his trial was to be since he acknowledged at the hearing that he knew it was set to begin two days later. The court's discussion about the jury trial, including his discussion of the makeup of the jury and the types of witnesses and other people who would be present, was sufficient in this case to advise defendant of his right to a public trial. The record does provide a sufficient basis to support the conclusion that petitioner was meaningfully informed of his rights and that the guilty plea was knowingly and voluntarily entered."

Although the precise language "public and speedy" were omitted in the trial court's advisement, we are of the opinion after looking at the record in its entirety that the trial court correctly concluded that Seybold was meaningfully informed of his rights and that his plea of guilty was entered voluntarily and intelligently. There was no trial court error.

Judgment affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.

