Delbert BLANKENSHIP, Appellant,

v.

STATE of Indiana, Appellee.

No. 1182S423.

Supreme Court of Indiana.

July 16, 1984.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a denial of a petition for post-conviction relief pursuant to the appellant's conviction of voluntary manslaughter, a class B felony, Ind.Code § 35–42–1–3. Appellant was sentenced to a determinate term of twelve years and six months. Appellant pled guilty to voluntary manslaughter pursuant to a plea agreement.

Appellant raises one issue on appeal, namely, whether the trial court erred in finding that appellant was sufficiently advised of his right to a public and speedy trial by jury at the time he entered his plea of guilty as mandated by Ind.Code § 35–4.-1–1–3.

The facts relevant to the issue demonstrate that the appellant, Delbert Blankenship, was charged by means of an affidavit of one count of murder on May 12, 1981. On the same date he was arraigned and entered a plea of not guilty. On August 3, 1981, he filed a Motion to Enter a Plea of Guilty. A hearing was held on that date and his plea of guilty was accepted.

A plea of guilty is an admission or confession of guilt made in court before a judge. It is also a waiver of specific constitutional rights. Appellant contends that his pleas were not knowingly, voluntarily and intelligently entered because he was not properly advised in accordance with Ind.Code § 35–4.1–1–3. While strict compliance with the terms of this statute is required, *German v. State*, (1981) Ind., 428 N.E.2d 234, the exact language need not be used, *McCann v. State*, (1983) Ind., 446 N.E.2d 1293; *Laird v. State*, (1979) 270 Ind. 323, 385 N.E.2d 452.

Appellant claims that he was not advised that upon entry of his guilty plea he waived his right to a "public and speedy" trial by jury, an express, explicit requirement of the statute. While the trial judge did not use the words "public and speedy" in advising appellant of his rights and in describing the trial he was relinquishing, he did inform him that he had a right to trial by jury, that he was giving up the trial which was already set to commence in the court within a week, that he had a right to subpoena witnesses to testify in his behalf at a trial, and that he had the right to confront and cross-examine any witness who testified against him. The right to a "public and speedy" trial was adequately communicated to the appellant through the discussion of the time of the trial, the make-up of the jury, and the type of rights he would have to meet his accusers. See *Lowe v. State*, (1983) Ind., 455 N.E.2d 1126; *Garringer v. State*, (1983) Ind., 455 N.E.2d 335; *Seybold v. State*, (1983) Ind.App., 456 N.E.2d 1076.

The denial of post-conviction relief is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.