**Michael W. WRIGHT, Appellant (Petitioner below),**

v.

**STATE of Indiana, Appellee (Respondent below).**

No. 485S143.

Supreme Court of Indiana.

March 27, 1986.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Petitioner Michael W. Wright was charged in March, 1977, with four counts of murder. On October 29, 1977, the trial court was presented with a plea bargain agreement and certification of acknowledgement of rights. The plea agreement recommended one sentence of life imprisonment for first degree murder, one sentence of life imprisonment for second degree murder, and two sentences of fifteen (15) to twenty-five (25) years for two counts of second degree murder, said sentences to be served concurrently. The trial court, after advising Petitioner of his rights and finding a factual basis for the guilty pleas, accepted the sentencing recommendations made in the plea agreement. On December 9, 1983, Petitioner filed a petition for post-conviction relief. At a hearing on September 26, 1984, the post-conviction court granted Petitioner's motion to have the factual allegations in the petition deemed admitted as the prosecution had not filed an answer to the petition. Nonetheless, the court found Petitioner had not presented any error and denied post-conviction relief. Petitioner now appeals this denial and raises the following two issues:

1. Petitioner was not sufficiently advised of his rights such that his guilty plea was made knowingly, intelligently, and voluntarily; and

2. Petitioner was improperly induced into entering into the plea agreement by his counsel's misstatement of the law.

I

Petitioner initially argues that the post-conviction court did not advise him in the guilty plea hearing of his right to a public and speedy trial, and of the possibility of his sentence being increased due to prior convictions. The controlling statute at the time the plea was entered by Petitioner was Ind.Code § 35–4.1–1–3 (Burns Supp.1977) [repealed by Acts 1981, P.L.298 § 9, effective September 1, 1982, amended and recodified as Ind.Code § 35–35–1–2 (Burns Supp.1985) ], which set out advisements a trial court shall give a defendant before accepting a guilty plea. Since Petitioner entered his plea prior to our opinion rendered in *German v. State* (1981), Ind., 428 N.E.2d 234, *reh. denied*, the standard of review to be applied is whether the entire record of proceedings indicates Petitioner was advised of and understood his rights. *Crocker v. State* (1985), Ind., 475 N.E.2d 686. Under this standard of review, while strict compliance with terms of the guilty plea statute is required, the exact language of the statute need not have been used. *Blankenship v. State* (1984), Ind., 465 N.E.2d 714. Further, in a proceeding for post-conviction relief the petitioner has the burden of establishing grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1 § 5. In reviewing a denial of post-conviction relief, we will not set aside the post-conviction court's ruling unless the evidence is without conflict and leads solely to a result different from that reached by the trial court.

*Pharris v. State* (1985), Ind., 485 N.E.2d 79.

■ Petitioner alleges the trial court failed to advise him that by entering a guilty plea he was waiving a right to a "public and speedy" trial by jury in addition to failing to advise him of the effect his prior convictions could have on his sentencing. However, in several cases we have held the advisement regarding a public trial may be inferred from the trial court's discussion of the make-up and function of a jury and the right to confront one's accusers. *Blankenship, supra; Albright v. State* (1984), Ind., 463 N.E.2d 270. While the trial judge did not use the words "public and speedy" in advising Petitioner of his rights and in describing the trial Petitioner was relinquishing, he did inform him that he was giving up a trial by jury which was set to commence the same day as the guilty plea hearing, the right to subpoena witnesses to testify in his behalf, and the right to confront and cross-examine any witness who testified against him. The right to a "public and speedy" trial was adequately communicated to Petitioner through the discussion of the make-up of the jury, the type of rights he was waiving regarding his accusers, and repeated references to "the jury" particularly in view of the fact the trial was to begin that very day and Petitioner relinquished it to enter his plea.

■ Petitioner further contends he did not enter a plea of guilty knowingly, intelligently, and voluntarily because the trial court failed to advise him of the effect his prior convictions may have on his sentencing. However, in the instant case the trial judge had no discretion in sentencing Petitioner to life imprisonment for the First Degree Murder Charge. At that time, Indiana had no death penalty and the sole penalty for First Degree Murder was life imprisonment. Ind.Code § 35-1-54-1 (Burns 1975) provided only two penalties for the Second Degree Murder Convictions, life imprisonment and an indeterminate sentence of fifteen (15) to twenty-five (25) years. There was no possibility of the

court sentencing Petitioner in any other manner for Second Degree Murder. In *Stonebreaker v. State* (1985), Ind., 476 N.E.2d 837, 839, this exact argument and plea agreement were resolved in favor of the State by our stating:

"3] Appellant further claims that he was not advised that his prior criminal record could be used to enhance his penalties. Although appellant did have a prior criminal record, and under some circumstances it might be used to enhance a penalty, such was not an element in the case at bar. Since the death penalty was not available in Indiana at that time, the life sentence for the First Degree Murder charge was of course the maximum sentence, not subject to enhancement. Likewise, the life sentence for the one Second Degree Murder charge was not subject to enhancement.

The two indeterminate sentences of fifteen to twenty-five years were not subject to variation on the part of the trial judge. The trial court had no power to diminish or enlarge an indeterminate sentence. *Williams v. State* (1954), 233 Ind. 327, 119 N.E.2d 547. The court could have given the alternate life sentence provided for Second Degree Murder; however, such would have been a violation of the plea bargain agreement on the one hand, and on the other hand appellant well knew that a life sentence was an alternative maximum for Second Degree Murder in view of the specific plea agreement to that effect."

Pursuant to the same rationale, as stated in *Stonebreaker,* and for the other reasons stated above, we hold that upon consideration of the entire record and the trial court's advisements, Petitioner knowingly, intelligently and voluntarily entered into a plea agreement.

II

■ Petitioner also asserts his pleas of guilty were involuntary due to the fact that he was misadvised by his trial counsel as to his parole eligibility. Petitioner testified at the post-conviction hearing that his trial

counsel had advised him that by pleading guilty he would be eligible for parole in twenty (20) years. However, trial counsel could not recall advising Petitioner regarding his parole beyond the making of a statement that if Petitioner ever wanted to see the light of day, he should cooperate with the State. At the time the plea agreement was entered into and when the guilty plea was accepted, a statute did not exist addressing the issue of parole. The parole board's position on the eligibility for parole of a defendant with two or more life sentences was the defendant was not eligible for parole unless the Governor commuted the life sentences.

We reiterate that in an appeal from a post-conviction case, Petitioner has the burden of proving the decision of the post-conviction court was contrary to law by a preponderance of the evidence. The reviewing court does not reweigh the evidence or determine credibility. *Pharris, supra.* In *Disney v. State* (1982), Ind. App., 441 N.E.2d 489, 492, the Court of Appeals, in considering an issue of alleged misinformation concerning sentencing, observed:

> "When a guilty plea is attacked because of alleged misinformation concerning sentencing, the issue of validity of such plea is determined by a two-part test: (1) whether the defendant was aware of actual sentencing possibilities and (2) whether accurate information would have made any difference in his decision to enter the plea. *Hunter v. Fogg,* (2nd Cir.1980), 616 F.2d 55; *Williams v. Smith,* (2nd Cir.1979) 591 F.2d 169, cert. denied, 442 U.S. 920, 99 S.Ct. 2845, 61 L.Ed.2d 289."

In the present case the plea agreement set forth the sentences to be imposed. At the guilty plea hearing, the trial court specifically advised Petitioner of the minimum and maximum sentences, and questioned Petitioner regarding his understanding of the sentences. Moreover, when questioned under oath as to whether there were any factors other than the agreement itself which induced Petitioner to enter into the agreement, Petitioner responded in the negative. It is clear Petitioner was aware of the actual sentencing possibilities. Testimony rendered at the post-conviction hearing further substantiated the post-conviction court's finding that accurate information as to parole would not have made any difference in Petitioner's decision to enter the plea. In the plea agreement Petitioner stated he was entering a guilty plea to save the State the expense of trial and at the guilty plea hearing his testimony indicated the evidence the State possessed and the outcome of the trials of two of his co-defendants were the primary reasons for his guilty plea. At the post-conviction hearing Petitioner testified that the misinformation regarding his eligibility for parole was the major factor in his decision to plead guilty. However, upon cross-examination, Petitioner admitted his decision had been motivated by several factors, including the fact that he had acquired religion and the State's recommendation concerning where he would be incarcerated. All of the above alternative reasons for Petitioner having entered into the guilty plea agreement clearly support the trial court's finding that parole eligibility was not the controlling factor which induced Petitioner to enter into the plea agreement. Consequently, the post-conviction court did not err by finding Petitioner voluntarily entered into the plea agreement.

The post-conviction court is in all things affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD, and DICKSON, JJ., concur.