**Fred McFARLAND, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 184S26.**

Supreme Court of Indiana.

Dec. 22, 1986.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a denial of petitions for post-conviction relief. On June 9, 1980, appellant pled guilty as he was obliged to do in a plea agreement to robbery, a class B felony, I.C. § 35–42–5–1. In order to gain this plea, the State dismissed a class C battery charge, and it reduced the robbery charge from class A to class B. He received a fifteen year sentence. On April 24, 1981, appellant pled guilty as he was obliged to do in yet another plea agreement to criminal deviate conduct, a class B felony, I.C. § 35–42–4–2. In order to gain this plea, the State dismissed a habitual offender charge, and it recommended a twenty year sentence to run concurrently with the fifteen year robbery sentence.

This appeal is actually two appeals consolidated into one. In relation to the robbery plea, he raises the following issues: (1) whether the trial court erred in not advising him that his guilty plea constituted a waiver of his rights to compulsory process, to require proof beyond a reasonable doubt, and against self-incrimination; (2) whether the trial court erred in not advising him that it was not a party to the plea agreement and not bound by it; and (3) whether the trial court erred in not advising him that his sentence could be increased beyond the presumptive due to prior convictions.

In relation to the criminal deviate conduct plea, he raises the following issues: (1) whether the trial court erred in not advising him of his right to a public and speedy trial; and (2) whether the trial court erred in not advising him that it was not a

party to the plea agreement and not bound by it.

In post-conviction proceedings Defendant bears the burden of proving his contentions by a preponderance of the evidence. *Lamb v. State,* (1975) 263 Ind. 137, 143, 325 N.E.2d. 180, 183. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Rufer v. State,* (1980), [274] Ind. [643], 413 N.E.2d 880, 882. Defendant stands in the position of one appealing from a negative judgment. In such cases, it is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law. *Walker v. State,* (1978), 267 Ind. 649, 651, 372 N.E.2d 739, 740.

### I–A

■ Appellant argues that the trial court erred in not advising him that his guilty plea constituted a waiver of certain constitutional rights.

"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. See *Kercheval v United States,* 274, US 220, 223, 71 L Ed 1009, 1012, 47 S Ct 582[583]. Admissibility of a confession must be based on a 'reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant.' *Jackson v. Denno,* 378 US 368, 387, 12 LEd 2d 908, 922, 84 S Ct 1774[1786], 1 ALR3d 1205. The requirement that the prosecution spread on the record the prerequisites of a valid waiver is not constitutional innovation. In *Carnley v Cochran,* 369 US 506, 516, 8 L Ed 2d 70, 77 82 S Ct 884[890], we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We hold: *'Presuming waiver from a silent record is impermissible,* The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and under-

standingly rejected the offer. Anything less is not waiver.' We think that the same standard must be applied to determining whether a guilty plea is voluntarily made. For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. *Douglas v. Alabama,* 380 US 415, 422, 13 L Ed 934, 938, 85 S Ct 1074 [1078].

Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy v. Hogan,* 378 US 1, 12 L Ed 2d 653, 84 S Ct 1489. Second, is the right to trial by jury. *Duncan v. Louisiana,* 391 US 145, 20 L Ed 2d 491, 88 S Ct 1444. Third, is the right to confront one's accusers. *Pointer v. Texas,* 380 US 400, 13 L Ed 2d 923, 85 S Ct 1065. We cannot presume a waiver of these three important federal rights from a silent record.

What is at stake for an accused facing death or imprisonment demands that utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought (*Garner v. Louisiana,* 368 US 157, 173, 7 L Ed 2d 207, 219, 82 S Ct 248[256]; *Specht v. Patterson,* 386 US 605, 610, 18 L Ed 2d 326, 330, 87 S Ct 1209[1212]), and forestalls the spin-off of collateral proceedings that seek to probe murky memories."

*Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

The pertinent part of the record is set forth here:

Q. You wish now to waive your right to trial by jury....,

A. Yes ...

Q. Do you also understand you have a right to confront the witnesses against you here in open Court and have an opportunity to cross examine them of their testimony; is that clear to you?

A. Yes.

Q. ..., you also have the right to call witnesses in your own behalf. If those witnesses do not appear voluntarily, you may use the subpoena powers of the Court to compel them to come in, we'd subpoena them at no cost to you; is that clear to you?

A. Yes.

Q. ..., you also have the right to testify or not as you choose. And if you choose not to testify in the trial of this case, that would not be considered as any evidence of guilt against you; do you fully understand that:

A. Yes sir ...

Q. Do you understand by entering a plea of guilty, you waive your rights to trial and the confrontation of witnesses as I have explained to you just a moment ago.

A. Yes?

This record indicates that the trial court adequately advised appellant that by his guilty plea he was waiving the constitutional rights enumerated in *Boykin, supra.*

### I-B

██ Appellant argues with respect to the 1980 plea that the trial court erred in not advising him: (1) that it was not a party to the plea agreement and not bound by it, and (2) that his sentence could be increased beyond the presumptive due to prior convictions.

The record clearly demonstrates that the trial court did not give these advisements as I.C. § 35–4.1–1–3 requires.

Assuming arguendo that this Court still adhered to the approach set forth in *Neely v. State* (1978), 269 Ind. 588, 382 N.E.2d 714; *German v. State* (1981), Ind., 428 N.E.2d 234; *Williams v. State* (1984), Ind., 468 N.E.2d 1036; and *Austin v. State* (1984), Ind., 468 N.E.2d 1027; this issue would be analyzed under the "entire record" standard because appellant entered the guilty plea prior to December 3, 1981. The "entire record" standard applied to the facts of this case would require vacation of guilty plea and the reinstatement of a not guilty plea. And this is the course the author of this opinion would follow for the reasons set forth in the dissenting opinion in *White v. State* (1986), Ind., 497 N.E.2d 893. However, the present majority of this Court has chosen not to follow this path; therefore, this issue must be analyzed under *White v. State, supra.*

"A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35–35–1–2 (formerly § 35–4.-1–1–3) has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35–35–1–2(a) rendered his decision involuntary or unintelligent."

Here, appellant has not demonstrated that the omission of these advisements materially impacted upon his decision to plead guilty. To prevail, the petitioner must prove that any erroneous or omitted advisements, if corrected, would have changed his decision to enter the plea. *Holiday v. State* (1986), Ind., 498 N.E.2d 1239. The denial of the petition for post-conviction relief arising from this guilty plea is affirmed.

### II-A

██ Appellant argues that the trial court erred in not advising him of his right to a public and speedy trial pursuant to I.C. § 35–4.1–1–3.

*Blankenship v. State* (1984), Ind., 465 N.E.2d 714 held:

> "While the trial judge did not use the words 'public and speedy' trial in advising appellant of his rights and in describing the trial he was relinquishing, he did inform him that he had a right to trial by jury, that he was giving up the trial which was already set to commence in the court within a week, that he had a right to subpoena witnesses to testify in his behalf at a trial, and that he had the right to confront and cross-examine any witness who testified against him. The right to a 'public and speedy' trial was adequately communicated to the appellant through the discussion of the time of the trial, the make-up of the jury, and the type of rights he would have to meet his accusers. See *Lowe v. State* (1983), Ind., 455 N.E.2d 1126; *Garringer v. State* (1983), Ind.App., 455 N.E.2d 335; *Seybold v. State* (1983), Ind.App., 456 N.E.2d 1076."

*Blankenship, supra.*

Here, the trial court also does not use the words "public and speedy" in advising appellant of his rights and in describing the type of trial he was relinquishing. However, the trial court advised him of all the rights mentioned above which *Blankenship* declared adequately communicates the right to a "public and speedy" trial. Furthermore, in advising him of these rights, the trial court used the language "in open court." This phrase adequately communicates the idea of a "public trial." The trial court also advised him that his case was set for trial in three days. This adequately communicates the idea of a "speedy trial." The trial court adequately advised him of his right to a "public and speedy" trial.

### II–B

Appellant argues that the trial court erred in not advising him that it was not a party to the plea agreement and not bound by it.

The record clearly demonstrates that the trial court did not give this advisement as I.C. § 35–4.1–1–3 requires.

Assuming arguendo that this Court still adhered to the approach set forth in *Neely v. State supra,* the "entire record" standard applied to the facts of this case would require vacation of the guilty plea and the reinstatement of a not guilty plea. This is the approach the author of this opinion would take. However, the majority of this Court has chosen not to follow this path; therefore, this issue must be analyzed under *White v. State supra.*

> "A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35–35–1–2 (formerly § 35–4.-1–1–3) has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35–35–1–2(a) rendered his decision involuntary or unintelligent"

Here, appellant has not demonstrated that the omission of this advisement materially impacted upon his decision to plead guilty. To prevail, the petitioner must prove that any erroneous or omitted advisement, if corrected, would have changed his decision to enter the plea. *Holiday v. State, supra.*

The denial of the petition for post-conviction relief arising from this guilty plea is affirmed.

PIVARNIK and DICKSON, JJ., concur.

GIVAN, C.J., and SHEPARD, J., concur in result without opinion.