**Robert D. TUCKER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1085S429.**

Supreme Court of Indiana.

Jan. 8, 1988.

Susan K. Carpenter, Public Defender, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was originally charged with three counts of First Degree Murder and one count of Assault and Battery with Intent to Kill. In October 1977, pursuant to a plea bargain agreement, appellant entered a plea of guilty to Second Degree Murder. He was sentenced to life imprisonment. Subsequently, appellant filed a petition for post-conviction relief, which was denied in August 1985.

Appellant claims the trial court erred in failing to grant him post-conviction relief. He alleges that at the time he entered his plea of guilty he was not advised of the facts that the court was not a party to the plea agreement and that he might receive an increased sentence by reason of the prior convictions. Appellant concedes that the trial court was entitled to look at the entire record to ascertain the nature of his advisements.

However, he claims, although the written plea agreement stated that he understood the court was under no obligation to abide by the plea agreement submitted, that he understood the court could take his criminal record into consideration in determining the penalty which he was to receive. He further concedes the plea agreement stated that he understood, even though the prosecuting attorney was to make a recommendation for a life sentence, that the court was not a party to that agreement and was not required to follow the recommendation.

He nonetheless claims that he was in a state of depression at the time the plea agreement was entered into. Although his attorney read and explained it to him, and he then signed the agreement, he nevertheless, because of his depression, did not pay any attention to what he was reading or hearing. He therefore claims the trial court should have found that his guilty plea was not entered knowingly and freely.

Appellant is in fact correct that the trial court is entitled to look at the entire record in passing on his petition for post-conviction relief. *White v. State* (1986), Ind., 497 N.E.2d 893. Appellant's allegation of depression and lack of attention at his guilty plea hearing was raised for the first time by his testimony in his post-conviction relief hearing. This allegation directly conflicts with the testimony received at the guilty plea hearing. Thus there was a conflict of evidence presented to the post-conviction court which required the judge to pass upon the credibility of the witness as compared with that of the prior record. *McHugh v. State* (1984), Ind., 471 N.E.2d 293.

This Court will not reverse the post-conviction court unless the evidence is without conflict and leads solely to a contrary conclusion. *Wright v. State* (1986), Ind., 490 N.E.2d 732.

When examining the record as a whole, the evidence clearly supports the decision of the trial court in denying post-conviction relief.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.