JOSEPH CALLAHAN *v.* LOVELACE TRUCK SERVICE.

[No. 1270A286.  Filed August 3, 1971.  Rehearing denied August 24, 1971.  Transfer denied December 22, 1971.]

William Levy, Ross McMahan, of Indianapolis, for Appellant.

Theodore L. Locke, Jr., Locke, Reynolds, Boyd & Weisell, of counsel, of Indianapolis, for Appellee.

SULLIVAN, P.J.—Claimant appeals from a negative award by the Full Industrial Board which insofar as pertinent reads as follows:

"That on the 5th day of June, 1968, plaintiff was in the employ of the defendant at an average weekly wage in excess of the maximum; that on said date he sustained an accidental injury arising out of and in the course of his employment, of which the defendant had knowledge and furnished the statutory medical attention and supplies.

"It is further found that plaintiff did not sustain any temporary total disability.

"It is further found that plaintiff's condition has reached a permanent and quiescent state and that he has sustained no permanent partial impairment as a result of his accidental injury of June 5, 1968.

"The Full Industrial Board of Indiana now finds for the defendant and against the plaintiff on plaintiff's Form 9 Application filed July 25, 1969.

## A W A R D

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of Indiana that plaintiff shall take nothing by his Form 9 application filed July 25, 1969."

It is claimant's contention here that such award is contrary to law in that the evidence in support of his claim for compensation was uncontroverted and of such nature as to require a conclusion contrary to that reached by the Full Board with relation to the nature and extent of his injury.

First, as to the existence of permanent partial impairment, this court has held that the issue is a medical question. *Campbell* v. *Kiser Corp. & Diecast, Inc.* (1965), 137 Ind. App. 366, 208 N. E. 2d 727.

In this regard, the record discloses the following testimony of claimant's own physician, Dr. Throop, the only expert medical witness:

"Q At the time you saw him last, how would you fix his impairment, percentage-wise, insofar as a dock worker-truck driver is concerned?

\* \* \* \* \*

"A Yes, sir. I have not been asked previously to make a rating on this man and it would have to be as of the last time that I saw him, which was in November of 1969, the 28th. But on the basis of his findings at that time, I have given him no permanent impairment.

"Q Do I understand you to mean by that, in your opinion, he can drive a truck, handle heavy loads like any other person without such a history?

"A In order to—of course, to base a permanent impairment rating, you have to have certain standards and signs and so forth to go by in a patient. And if these—in the absence of these, and I am not denying that he has pain in any way, but he is in one of these grey zones where it is difficult to say. But he does not have the positive physical findings to substantiate any permanent partial impairment."

Accordingly, we find no error in the determination of the Board that claimant sustained no permanent partial impairment.

Quite a different situation is presented, however, by the Board's finding that claimant did not sustain any temporary total disability. The only issue before the court in this regard is whether the undisputed evidence is of such character and weight as to force a conclusion in the minds of reasonable men that claimant did sustain temporary total disability. *LeMasters* v. *Evansville-Vanderburgh Co. Airport Authority District* (1970), 147 Ind. App. 674, 263 N. E. 2d 301. We must answer this question in the affirmative.

Exertion in the regular course of work which aggravates an existing condition and causes injury thereby is compensable. *Lock-Joint Tube Co., Inc.* v. *Brown* (1963), 135 Ind. App. 386, 191 N. E. 2d 110. Such was the case here as evidenced by the following testimony of Dr. Troop:

"Q Now, Doctor, from your experience as an orthopaedic surgeon, tell me if in your opinion this man's back before the trauma you have described, may have served him well for any years to come, or was it such a thing where the degeneration was active and positive?

"A I think—it is my opinion that ultimately it would have bothered him whether he had an overt injury or not or no matter where it took place. And in many cases it is only bending over to tie your shoes. The only thing I can't really tell you is when it would ultimately be.

"Q But the trauma did hasten and worsen it?

"A Yes."

The medical evidence, which is undisputed, shows that the back condition for which claimant seeks compensation was residual to the traumatic injury sustained by him in the course and scope of his employment on June 5, 1968.

With reference to the specific claim made here, it is important to note that the term "disability" as it is used in the Workmen's Compensation Act means an inability to work. *Crown Products Co.* v. *Brandenburg* (1955), 126 Ind. App. 48, 129 N. E. 2d 134; *Indiana State Housing Association* v. *Clack* (1942), 110 Ind. App. 504, 39 N. E. 2d 451; *Sumpter* v. *Colvin* (1934), 98 Ind. App. 453, 190 N. E. 66. Such inability need not be total, however. As this court held in *Bruce* v. *Stutz Motor Car Co.* (1925), 83 Ind. App. 257, at 261, 148 N. E. 161, disability is compensable until such time as the claimant is able to resume "work of the same kind and character as that in which he was engaged at the time of the injury." See also *Wilson* v. *Betz Corp. et al.* (1957), 128 Ind. App. 189, 146 N. E. 2d 570. The evidence here is undisputed that claimant's work as a truck driver required him to load and unload freight carried by his vehicle, that his terminal manager would not permit his return to work following the June 1968 injury unless and until he was able to load and unload such freight,[1] and that claimant's physician had placed him upon a rather permanent restriction against jobs requiring bending and lifting together or lifting in excess of 25 pounds.

The evidence is further uncontroverted that claimant was absent from work as a result of his back condition continuously from February 18, 1969. Although claimant's physician testified that claimant was released in May 1969, for return to work so long as he did not do any loading or unloading of freight which involved bending or lifting, the undisputed evidence was as heretofore noted that claimant's terminal manager would not permit his return incident to his job as a truck driver.

---

1. There is nothing of record to indicate that suitable alternative employment was tendered by claimant's employer, hence IC 1971, 22-3-3-11, being Ind. Ann. Stat. § 40-1304 (Burns 1965), which terminates benefits in such situation, is inapplicable. See Small, *Workmen's Compensation Law of Indiana* (1950 Ed.), Sec. 9.2.

We believe that such undisputed evidence leads inescapably to a conclusion that claimant did sustain temporary total disability as a result of the injury sustained June 5, 1968.

The award of the Full Board is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Buchanan, Lowdermilk and Robertson, JJ., concur.

NOTE.—Reported in 271 N. E. 2d 734.