## JOSEPH CALLAHAN *v.* LOVELACE TRUCK SERVICE.

[No. 2-1074A265. Filed May 12, 1976. Rehearing denied June 3, 1976.]

*William Levy, Ross McMahan,* of Indianapolis, for appellant.

*Theodore L. Locke, Jr., Michael A. Bergin,* of Indianapolis, for appellee.

SULLIVAN, J.—Appellant Joseph Callahan (Callahan) claims in this appeal that the Industrial Board erred in finding that his temporary total disability ended on November 28, 1969.

This is the third appeal by Callahan of negative awards stemming from a back injury he sustained in an accident arising out of and in the course of his employment as a trucker/ dock loader with Appellee Lovelace Truck Service (Lovelace) on June 5, 1968.

In the first determination made by the Industrial Board upon Callahan's claim for temporary total disability and permanent partial impairment benefits, it was found that Callahan's condition had reached a permanent and quiescent state and that he had sustained no permanent partial impairment because of his injury. This finding was supported by medical testimony of Dr. Throop, Callahan's attending physician, that as of November 28, 1969 there was no permanent partial impairment, and the negative award was in this regard therefore affirmed by this Court. The cause was remanded, however, and the Board directed to redetermine the matter of temporary total disability because Dr. Throop had placed a weight lifting restriction upon Callahan which prevented him from returning to his particular employment. *Callahan* v. *Lovelace Truck Service* (1971), 149 Ind. App. 314, 271 N.E. 2d 734.

The Board's subsequent award of temporary total disability payments from February 18, 1969 through May 31, 1969, was reversed because there was no evidence of record to indicate that Callahan's temporary disability ended on *that* date, i.e., May 31, 1969. *Callahan* v. *Lovelace Truck Service* (1973), 158 Ind. App. 164, 301 N.E.2d 801.

Callahan's argument before us now is that the record is devoid of evidence that his disability terminated on November 28, 1969. The argument ignores the still valid finding that he had sustained no permanent partial impairment. In its current findings, the Board for

the first time specifically dates the attainment of the permanent and quiescent state as of November 28, 1969. The linking of this date with the date the Board established as the termination of temporary total disability thus distinguishes this award from the 1973 award which was reversed by this Court.

The prior decisions in this cause are the law of the case. *Bd. of Comm'rs. of Huntington County* v. *Bonebrake* (1896), 146 Ind. 311, 45 N.E. 470; *Jenkins* v. *Pullman Standard Car Mfg. Co.* (1958), 128 Ind. App. 260, 147 N.E.2d 912. Relevant portions of the medical testimony was quoted verbatim in the first opinion on appeal. 149 Ind. App. at 316, 271 N.E. 2d at 735. The Board was properly cognizant of that testimony and of its own prior findings in this cause. The facts established of record which gave rise to the "law of the case" are as cognizable as the law itself.

In the light of the prior binding determination that Callahan is not, and was not after November 28, 1969, impaired as a result of the injury sustained June 5, 1968, we hold as a matter of law that after November 28, 1969, he was not, and could not have been disabled as a result of such injury. It was eminently proper for the Board to reason that Callahan's compensable temporary disability terminated as of the date that the absence of physical impairment was fixed.

We have recently held that when an injury stabilizes to the point of coming within the impairment schedules of Ind. Ann. Stat. 22-3-3-10 (Burns Code Ed. 1974), the fact that the injured employee is still unable to return to work does not necessarily compel a finding that temporary total disability continues. *Allen* v. *United Telephone Co.* (1976), 168 Ind. App. 696, 345 N.E.2d 261. It would be illogical and unjust, therefore, to order further temporary disability benefits where, as here, the Board has determined that as of the date temporary disability benefits terminated the injured employee has recovered so well that he has no compensable impairment under 22-3-3-10.

The award of the Industrial Board is affirmed.

Buchanan, P.J., concurs; White, J., concurs in result.

NOTE.—Reported at 346 N.E.2d 623.