Daniel R. STONEBREAKER, Appellant,

v.

STATE of Indiana, Appellee.

No. 984S347.

Supreme Court of Indiana.

April 25, 1985.

Susan K. Carpenter, Public Defender of Ind., Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

This is an appeal from the denial of a post-conviction relief petition filed by appellant *pro se.*

On December 22, 1977, appellant entered into a plea agreement to four charges of homicide. Under the agreement he received two life sentences, one for First Degree Murder and one for Second Degree Murder, and two indeterminate fifteen to twenty-five year sentences for Second Degree Murder.

On November 22, 1983, appellant filed his *pro se* Petition for Post-Conviction Relief. On March 13, 1984, a hearing was held on the petition and on May 9, 1984, after the filing of briefs by the parties, the court denied the post-conviction relief.

The full assignment of error on this appeal is whether the trial court's advisements were defective and thus rendered appellant's guilty pleas not knowing, intelligent and voluntary.

The facts leading to his appeal are as follows: Appellant was charged with four counts of First Degree Murder in Parke County, Indiana. The case was venued to Decatur County, where appellant entered into the above-mentioned plea bargain. At appellant's post-conviction hearing he claimed the trial court failed to advise him of the "statutory maximum and/or minimum sentence allowable by statute." He further claimed the trial court failed to advise him that by his plea he was admitting the facts alleged against him and of the possibility of an increased sentence due to his prior convictions. The State filed no answer to appellant's petition.

Following the post-conviction hearing the trial court made the following conclusions of law:

"3. Although the guilty plea hearing transcript does not indicate that the trial court specifically advised the Petitioner that by pleading guilty he was admitting the truth of the allegations against him, the trial court did ask the Defendant if he understood that in order to be guilty of the offense in each cause number that it was necessary that he committed each element alleged in each charge, to which Petitioner responded affirmatively. Therefore, Petitioner was not harmed.

"4. The guilty plea hearing transcript indicates that the trial court advised the Petitioner that if the Court accepted the plea bargain agreement, Petitioner would receive a life sentence under Cause Number CR–77–32, Murder in the First Degree; a life sentence under Cause Number CR–77–26, the included offense of Murder in the Second Degree; fifteen (15) years to twenty-five (25) years imprisonment under Cause Number CR–77–31, the included offense of Murder in the Second Degree; and, fifteen (15) years to twenty-five (25) years imprisonment under Cause Number CR–77–33, the included offense of Murder in the Second Degree. The trial court further advised Petitioner that said sentences would run concurrently with each other and concurrently with the sentence Petitioner was serving for a prior drug conviction. The transcript of the guilty plea hearing and the transcript of the sentencing hearing indicate that Petitioner understood the terms and the sentences involved. Although the trial court did not specifically advise the Petitioner of a possible increase in Petitioner's sentence due to a prior conviction, in view of the fact that the transcripts do set forth that all sentences imposed upon Petitioner's pleas of guilty were to run concurrently with each other and concurrently with Petitioner's sentence under a prior drug conviction, Petitioner suffered no harm.

"5. At the time Petitioner entered his pleas of guilty, the only applicable penalty for Murder in the First Degree was a life sentence; no maximum or minimum sentence was set forth by the statute and the death penalty provision therein had been determined unconstitutional. Although the trial court did not specify that the maximum penalty for Murder in the Second Degree (the included offenses under Cause Numbers CR–77–26, CR–77–31 and CR–77–33) was life imprisonment and the minimum penalty was fifteen (15) years to twenty-five (25) years imprisonment, the record demonstrates that the Petitioner understood and acknowledged that the life sentence under

Cause Number CR–77–26 and the Sentences of fifteen (15) years to twenty-five (25) years of imprisonment under Cause Numbers CR–77–31 and CR–77–33 were to run concurrently with each other and with the life sentence imposed under Cause Number CR–77–32 (Murder in the First Degree), and, therefore suffered no harm."

■ Appellant is correct in his observation that this Court has previously held that the applicable statute concerning pleas of guilty, Ind.Code § 35–4.1–1–3, must be strictly construed, citing *Sexton v. State* (1983), Ind., 455 N.E.2d 910 and *Davis v. State* (1983), Ind., 446 N.E.2d 1317. *See also Helton v. State* (1982), Ind.App., 443 N.E.2d 1201. Appellant is also correct when he states there is no exception even when a defendant pleads pursuant to a written plea agreement and is represented by competent counsel. *Johnson v. State* (1983), Ind., 457 N.E.2d 196; *Helton, supra.*

However, the case at bar is distinguishable from those cases. In the instant case the trial judge had no discretion in sentencing the appellant to life imprisonment for the First Degree Murder charge. At that time Indiana had no death penalty and the sole penalty for First Degree Murder was life imprisonment. Ind.Code § 35–13–4–1(a) (Burns 1975). So far as the Second Degree Murder convictions are concerned there were two penalties, life imprisonment and an indeterminate sentence of fifteen to twenty-five years. Ind.Code § 35–1–54–1 (Burns 1975). There was no possibility of the court sentencing appellant in any other manner for Second Degree Murder.

■ The very nature of the plea bargain agreement succinctly outlined for the appellant the possibilities involved in his plea of guilty. On one charge of Second Degree Murder he plea bargained for one life sentence, thus clearly demonstrating that a life sentence could be imposed for such a crime. On the two remaining charges of Second Degree Murder, he specifically agreed to accept an indeterminate sentence of fifteen to twenty-five years. Thus it becomes apparent that appellant was fully cognizant of the limits within which it was possible to sentence him under his plea.

■ Appellant further claims that he was not advised that his prior criminal record could be used to enhance his penalties. Although appellant did have a prior criminal record, and under some circumstances it might be used to enhance a penalty, such was not an element in the case at bar. Since the death penalty was not available in Indiana at that time, the life sentence for the First Degree Murder charge was of course the maximum sentence, not subject to enhancement. Likewise, the life sentence for the one Second Degree Murder charge was not subject to enhancement.

The two indeterminate sentences of fifteen to twenty-five years were not subject to variation on the part of the trial judge. The trial court had no power to diminish or enlarge an indeterminate sentence. *Williams v. State* (1954), 233 Ind. 327, 119 N.E.2d 547. The court could have given the alternate life sentence provided for Second Degree Murder; however, such would have been a violation of the plea bargain agreement on the one hand, and on the other hand appellant well knew that a life sentence was an alternative maximum for Second Degree Murder in view of the specific plea agreement to that effect.

We hold that upon consideration of the entire record and the trial court's advisements, the appellant knowingly, intelligently and voluntarily entered into a plea agreement. *See Williams v. State* (1984), Ind., 468 N.E.2d 1036.

The trial court is in all things affirmed.

All Justices concur.