Reginald L. JENSEN, Appellant
(Plaintiff Below),

v.

Stephen LAUDIG, Appellee
(Defendant Below).

No. 4-884A214.

Court of Appeals of Indiana,
Fourth District.

March 27, 1986.

Ronald C. Byal, Tipton, for appellant.

David C. Campbell, Donald J. Graham, Bingham, Summers, Welsh & Spilman, Indianapolis, for appellee.

YOUNG, Presiding Judge.

ON PETITION FOR REHEARING

In our original memorandum decision, 486 N.E.2d 666, we affirmed the trial court's grant of defendant's motion for summary judgment in Reginald Jensen's malpractice action against his former attorney, Stephen Laudig. Jensen now petitions for rehearing, which we grant for the limited purpose of expanding upon our earlier discussion of the issues herein.

To recapitulate the relevant facts of this litigation, Laudig on April 22, 1981, brought suit in Madison County against Jensen, his erstwhile client, alleging unpaid legal fees for his representation of Jensen in two prior cases. This suit was subsequently venued to Tipton County. Jensen then on October 26, 1982, initiated the instant action in Marion County, alleging malpractice based on Laudig's representation in the underlying lawsuits.

Recognizing that his Marion County malpractice complaint was subject to dismissal because premised upon a compulsory counterclaim, Jensen later sought to amend his answer in the Tipton County action. The trial court there refused to allow the amendment to include the counterclaim, concluding that Jensen was not required to plead malpractice as a compulsory counterclaim in Laudig's suit.

Following a jury trial, the Tipton court on October 26, 1983, entered a judgment for Jensen on Laudig's complaint for payment of fees. Thereafter, on February 9, 1984, Laudig moved for summary judgment in the Marion County suit, contending Jensen's claim was barred by Trial Rule 13(A) as a compulsory counterclaim which Jensen was required to litigate in the Tipton County action.

We affirmed the trial court's entry of summary judgment against appellant on grounds that TR 13(A) strictly requires Jensen's compulsory counterclaim to have been brought in the original suit, whereby Laudig sought to recover fees for the same representation Jensen assailed as malpractice. The parties do not seriously contest whether the malpractice complaint represents a compulsory counterclaim; Jensen explicitly recognized it as such in seeking to amend his complaint in the Tipton County suit. Accordingly, TR 13(A) requires this claim to have been raised in a responsive pleading:

> Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

■ Our courts have liberally construed the pleading requirements of this rule, holding that a compulsory counterclaim is not barred by a party's failure to include it in the first responsive pleading. *Metropolitan Real Estate Corp. v. Frey* (1985), Ind. App., 480 N.E.2d 267. Consideration of a belated counterclaim is committed to the sound discretion of the trial court. *Id.* Trial Rule 13(F) additionally stipulates with regard to omitted counterclaims:

> When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.

The reasons for allowing amendment become more persuasive in the case of an omitted compulsory counterclaim, as the pleader would otherwise lose any opportunity to have the claim adjudicated. *Id.* at 272. The *Frey* court therefore held that if the plaintiff is not prejudiced in the preparation of a defense, a compulsory counterclaim may be filed with leave of court after the filing of defendant's first responsive pleading. Although the Tipton court may well have erred in determining appellant's claim not to be a compulsory counterclaim, and may have abused its discretion in denying appellant leave to amend his answer to Laudig's complaint, Jensen has failed to appeal that decision, which is thus not before us in this appeal.

In his petition for rehearing, Jensen primarily argues for an interpretation of TR 13(A) which would allow a party to file a compulsory counterclaim *in any court* prior to entry of final judgment on the original claim. In support of this proposition, he relies upon *Frey, supra,* and *Daube and Cord v. LaPorte County Farm Bureau*

(1983), Ind.App., 454 N.E.2d 891. We conclude appellant's position finds no support in these decisions, and further, such an interpretation would do violence to the basic meaning and intendment of the rule.

*Frey*, as noted above, holds merely that the trial court may at its discretion entertain a belated counterclaim *in the same proceeding*. The court there cites *Daube and Cord* for the rule that a party who fails to assert a counterclaim may not later assert that claim in a separate action where the first suit has proceeded to judgment. Nothing in the *Daube and Cord* opinion, however, lends support to the converse proposition that a party may assert a compulsory counterclaim in a separate lawsuit anytime prior to judgment.

■ Nor would such an interpretation be consonant with the basic purpose of TR 13(A), which is obviously designed to effectuate judicial economy by requiring litigation in the same suit of all claims arising from the same transaction or occurrence. As the court in *Daube and Cord* correctly observes, in ascertaining whether a counterclaim is compulsory, courts should define "transaction or occurrence" broadly in order to avoid multiple litigation. To the same end, the rule by its very terms requires resolution of all logically and factually related claims in one proceeding; the term "compulsory *counterclaim*" would be rendered meaningless if a party could raise such a claim in another forum.

Appellant also complains of our failure to discuss other issues raised by his appeal which were implicitly decided and rendered extraneous by our decision on the dispositive issue of summary judgment on TR 13 grounds. Although we find appellant's additional contentions devoid of merit, we will accede to his request that we provide an explicit statement of our reasons for that conclusion.

■ First, appellant contends the trial court erred in denying his motion to strike Laudig's answer. He premises this allega-tion of error on the fact that Laudig entered an appearance on his own behalf and filed a *pro se* motion for enlargement of time subsequent to his counsel's appearance in this action. Jensen therefore argues that because a party may not proceed both *pro se* and by counsel, the motion signed by Laudig was null and void, rendering his answer untimely. We discern no reversible error, particularly as Jensen has waived any technical deficiency in this regard by his failure to object to either Laudig's *pro se* appearance or the motion for enlargement of time.

Moreover, Jensen's motions to strike the answer and to strike Laudig's affirmative defenses were untimely filed pursuant to Trial Rule 12(F), which requires that such motions to strike be filed within twenty days of service of Laudig's pleading, filed on January 14, 1983. The trial court properly denied Jensen's motion to strike, filed May 13, 1983.

Next, Jensen complains that the trial court could not properly have granted summary judgment for the defendant on any of a number of other affirmative defenses. This argument is entirely spurious. Laudig's motion for summary judgment relied solely on his TR 13(A) compulsory counterclaim defense, which forms the basis of the trial court's judgment. Appellant's discussion of Laudig's other defenses is therefore irrelevant to the issues presented by this appeal.

■ Appellant also maintains the grant of summary judgment is erroneous because unsupported by a complete record of the Tipton County proceedings. When one issue is dispositive of a motion for summary judgment, the movant satisfies his burden by demonstrating the lack of a genuine issue as to the *material* facts. *Barbre v. Indianapolis Water Co.* (1980), Ind.App., 400 N.E.2d 1142. Laudig has sustained this burden by introducing the portion of the Tipton County record material to his compulsory counterclaim defense, i.e., certi-

fied copies of his complaint in the earlier action, Jensen's answer which failed to set up the counterclaim, the docket sheet entries, and the instructions given the jury at the close of the Tipton County trial. These documents were sufficient to establish Jensen's failure to raise the compulsory counterclaim in the prior suit.

Finally, appellant contends the trial court erred in declining to enter judgment for him on the merits of his malpractice complaint. Given the posture of this appeal from the trial court's grant of summary judgment on Trial Rule 13(A) grounds, this argument is entirely without merit.

In light of the foregoing, we affirm the judgment of the trial court.

MILLER and CONOVER, JJ., concur.