**DATA PROCESSING SERVICES, INC.,**
**Appellant (Defendant Below),**

v.

**L.H. SMITH OIL CORPORATION,**
**Appellee (Plaintiff Below).**

No. 4–485A97.

Court of Appeals of Indiana,
Fourth District.

June 12, 1986.

Bruce M. Pennamped, Forbes, Kias & Pennamped, P.C., Indianapolis, for appellant (defendant below).

Aaron E. Haith, Indianapolis, for appellee (plaintiff below).

CONOVER, Judge.

## OPINION ON REHEARING

In its petition for rehearing Data Processing Services, Inc. (DPS) contends among other things, our opinion

1. conflicts with *Jensen v. Laudig* (1986), Ind.App., 490 N.E.2d 405, and

2. contravenes ruling precedent concerning review by this court when special findings are made by the trial court at the

request of a party under Ind. Rules of Procedure, Trial Rule 52(A).

We will address DPS's concerns as to those issues.

## FACTS

The procedural history and facts of this case are fully discussed in our opinion of April 28, 1986, published at 492 N.E.2d 314. In brief, DPS contracted to provide computer programming services to Smith and breached the contract. Significant damages were awarded.

The trial court decided the contract was for the sale of goods governed by Article 2 of Indiana's version of the Uniform Commercial Code, IND. CODE 26–1–2. We disagreed but decided, as to the issues raised and argued, the findings were sufficient to affirm the judgment on common law contract principles.

## DISCUSSION AND DECISION

### I.

DPS asserts our affirmation of the Superior Court's refusal to dismiss Smith's claim conflicts with our holding in *Jensen v. Laudig* (1986), Ind.App., 490 N.E.2d 405. The issue there was not raised and argued in the case before us.

In *Jensen* we held a compulsory counterclaim under Ind. Rules of Procedure, Trial Rule 13(A) may not be raised as a separate claim in another forum, but must be pled in the court where the litigation concerning the transaction or occurrence from which it arose is being heard. In *Jensen* the parties did not seriously contest the nature of the counterclaim. It was a compulsory counterclaim. The issue argued and decided in *Jensen* concerned the *forum* in which the compulsory counterclaim must be filed.

Here, on direct appeal, DPS raised and argued only the issue of timeliness. We decided Smith's claim was not time barred for failure to assert it as a compulsory counterclaim. The issue of forum was not argued by DPS and is not now available for review. Generally, a new question cannot be raised on petition for rehearing. *Cf., Browne v. Blood* (1964), 245 Ind. 447,

199 N.E.2d 712; *Ellsworth v. Homemakers Finance Service, Inc.*, (1982), Ind.App., 438 N.E.2d 6; *State v. Indianapolis Airport Authority* (1977), 173 Ind.App. 55, 366 N.E.2d 240.

We note in passing the purpose of requiring compulsory counterclaims to be heard in the same forum, judicial economy, was effectuated by the consolidation of the Municipal and Superior Court claims here. In addition, the consolidation cured any possible abuse of discretion by the Municipal Court when it denied DPS's motion to amend its answer there to assert its claims.

## II.

DPS claims we erred because our affirmation of the judgment below was based on grounds contrary to those set forth by the trial court's T.R. 52 findings.

■ Special findings are those which contain all the facts necessary for recovery by the party in whose favor the conclusions of law are found. *Shrum v. Dalton* (1982), Ind.App., 442 N.E.2d 366, 371; *Hunter v. Milhous* (1973), 159 Ind.App. 105, 121, 305 N.E.2d 448, 458. They are adequate if sufficient to support a valid legal basis for the result reached by the trial court. *Kimbrell v. City of Lafayette* (1983), Ind.App., 454 N.E.2d 73, 74; *Sandoval v. Hamersley* (1981), Ind.App., 419 N.E.2d 813, 816.

> DPS notes
>
> The scope of review for special findings [under Ind. Rules of Procedure, Trial Rule 52(A) ] is well settled; The appellate court may not affirm the trial court's judgment on any ground which the *evidence* supports but must determine if the specific *findings* are adequate to support the trial court's *decision*. *Shrum v. Dalton* (1982), Ind.App., 442 N.E.2d 366, 372.

*Orkin Exterminating Co., Inc. v. Walters* (1984), Ind.App., 466 N.E.2d 55, 56 (our emphasis). This rule does not prohibit the result we reached. It merely says we will not look to the evidence in search of other findings not made by the trial court in order to affirm the judgment. Here we found the trial court's *findings* adequate to support its decision.

■ DPS also argues as inapplicable the rule we should affirm a judgment if the judgment is sustainable on any ground. It contends the rule is of no aid where we have rejected the theory under which the trial court made its decision "... for it would then be as if the trial court applied an incorrect or non-existing theory," citing *In re: Estate of Fanning* (1975), 263 Ind. 414, 417, 333 N.E.2d 80, 82. In *Fanning* our Supreme Court stated

> Appellee, by its brief in support of the petition to transfer, argues that the decision of the Court of Appeals contravened a ruling precedent of this Court holding that an appellate court should affirm the judgment of the trial court if that judgment is sustainable upon any ground, citing *Notter v. Beasley* (1960), 240 Ind. 631, 166 N.E.2d 643, and *Ross et al. v. Review Board of Indiana Employment Security Division* (1962), 243 Ind. 61, 182 N.E.2d 585. Such rule, however, can be of no aid where the theory under which the trial court made its decision was expressly rejected. It is as if the trial court applied an incorrect theory or a nonexisting theory. The rule preferred by the appellee has application where the evidence supports the judgment upon one viable theory but not upon another.

*Fanning*, 333 N.E.2d at 82. That is, the Court of Appeals may not affirm a judgment where the trial court based its decision upon an *invalid* or *non-existing* theory of law. However, where two or more viable theories are at issue but the trial court selected the wrong one, the Court of Appeals may affirm the trial court's judgment by applying the correct rule if such application is supported by the trial court's findings of fact (1) where findings are requested under T.R. 52, or (2) upon any basis in the record where a general judgment has been entered. E.g., *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 157.

Here the trial court did not apply an invalid or nonexisting rule of law. It applied a valid but inapplicable rule. We

decided the facts found by the trial court on the issues raised by appellants sustained the trial court's judgment on the basis of another valid theory.[1]

### III.

DPS claims we erred in several other respects. All its concerns were adequately discussed in our original opinion. See, *Data Processing Services, Inc. v. L.H. Smith Oil Corp.* (1986), Ind.App., 492 N.E.2d 314, 320.

Petition for Rehearing denied. Judgment affirmed.

YOUNG, P.J., and MILLER, J., concur.

---

1. Concerning the arguments made here, we note counsel for DPS miscites *In re: Marriage of Miles* (1977), 173 Ind.App. 5, 362 N.E.2d 171, 174, at page 7 of his brief on rehearing. There he cites *Miles* to say "if the reason given by the trial court is not *the* valid basis for the particular exercise of its discretion, it can be no more than conjecture on the part of the reviewing court that once the trial court recognizes the invalidity of it [sic] original reason it will reach the same result for other reasons." (our empha-

sis). *Miles* actually reads "If the reason given by the court is not *a* valid basis for a particular exercise of discretion, it can be no more than conjecture on our part that once the court recognizes the invalidity of its original reason it will reach precisely the same exercise of discretion for other reasons."

The substitution of "the" for "a" materially alters the meaning of the sentence presented as authority. We assume counsel did not inten-tionally attempt to mislead this court.