**Nathaniel CUMMINGS, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 785S309.

Supreme Court of Indiana.

July 17, 1986.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Petitioner-Appellant Nathaniel Cummings was convicted of three counts of commission of a felony (robbery) while armed with a deadly weapon, I.C. § 35–12–1–1 (Burns Code Ed., 1975), one count of physical injury inflicted during commission of a robbery, I.C. § 35–13–4–6 (Burns Code Ed., 1975), and one count of aggravated assault and battery, I.C. § 35–13–3–1 (Burns Code Ed., 1975). He was sentenced to life imprisonment and various prison terms for the different offenses. The charges stemmed from the violent robbery of an Indianapolis cleaners.

This Court affirmed the convictions. *Cummings v. State* (1979), 270 Ind. 251, 384 N.E.2d 605. Petitioner subsequently petitioned for post-conviction relief under Ind. Rules of Procedure, Post Conviction Rule 1. The petition was denied, and that judgment was also affirmed. *Cummings v. State* (1982), Ind., 434 N.E.2d 90.

Petitioner then filed a second P.C.R. 1 petition, raising various claims concerning the admission of exhibits and eyewitness identification testimony of petitioner as a perpetrator, denial of which is the subject of this appeal.

In its answer to the instant petition, the State argued that the allegations should not be considered because they were available for direct appeal and not raised. The post-conviction trial court agreed and found that the allegations were not raised in either the direct appeal or first P.C.R. 1 proceeding, even though available at those times. Neither petitioner's motion to correct errors nor his brief in this Court attack these bases for the post-conviction trial court's ruling. They instead address only the merits of the second petition's allegations.

Absent a showing by the post-conviction petitioner that an issue was unascertainable or unavailable at the time of trial and direct appeal, allegations of error arising therefrom may not be raised in the post-conviction proceedings. *Osborne v. State* (1985), Ind., 481 N.E.2d 376; *Bailey v. State* (1985), Ind., 472 N.E.2d 1260.

Petitioner has not demonstrated any justification for failing to raise the challenges to the exhibits and identification testimony on direct appeal or in his first P.C.R. 1 petition. He may not raise them now.

Judgment of the post-conviction trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.