Russell J. HOLLIDAY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 485S176.

Supreme Court of Indiana.

Oct. 30, 1986.

Susan K. Carpenter, Public Defender, Kathryn Kelley, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Russell J. Holliday was convicted and sentenced following a plea of guilty to the charge of robbery, a class B felony. The plea of guilty was entered pursuant to a plea agreement. Defendant now appeals from the denial of his post-conviction relief petition. Defendant contends that his plea of guilty should be vacated because the trial court, at sentenc-ing, failed to strictly comply with Ind. Code § 35–35–1–2 by informing him that if the court accepted the plea, it was bound by the terms of the plea agreement.

At the time of petitioner's guilty plea hearing, September 1, 1982, Ind.Code § 35–35–1–2 provided, in pertinent part:

(a) The court shall not accept a plea of guilty ..., without first addressing the defendant and:

\* \* \* \* \* \*

(4) Determining if a written recommendation under Chapter 3 [35–35–3–1 —35–35–3–7] of this Article, has been executed by the prosecutor and the defendant, and if such recommendation exists, then informing the defendant that if the court accepts the plea, it is bound by the terms of the written recommendation.

In support of his position, defendant relies upon *German v. State* (1981), Ind., 428 N.E.2d 234 and its progeny. Following an expansive review of the *German* rationale, this Court recently established a new path to be followed in post-conviction review of guilty pleas. *White v. State* (1986), Ind., 497 N.E.2d 893, held that except for the omission of guilty plea advisements regarding a defendant's rights to jury trial, confrontation of witnesses, or privilege against self-incrimination, a post-conviction petitioner must prove by a preponderance of evidence that the omitted statutory advisements required by Ind.Code § 35–35–1–2 rendered petitioner's plea decision involuntary or unintelligent. *White* recognized the post-conviction trial court may review all evidence before it, including a transcript of the prior sentencing hearing, the plea agreement, and further evidence presented at the post-conviction hearing. To prevail, the petitioner must prove that any erroneous or omitted advisement, if corrected, would have changed his decision to enter the plea.

Pursuant to the plea agreement in the instant case, the petitioner was sentenced to twelve (12) years imprisonment and the State suspended other pending charges.

Excerpts from the testimony at the plea hearing include the following: .

\* \* \* \* \* \*

BY THE COURT: You understand that if the sentencing recommendation is not followed, you would be permitted to withdraw your plea of guilty and enter a plea of not guilty.
DEFENDANT: Yes, sir.

\* \* \* \* \* \*

BY THE COURT: And do you understand that the court is not a party to any agreement made between you and the State of Indiana and that the court is not bound thereby?
DEFENDANT; Yes, sir.

\* \* \* \* \* \*

BY THE COURT: ... If I don't follow the sentencing recommendation, you can go to trial. I don't have any choices in the matter.
DEFENDANT: That's all I wanted to know.
BY THE COURT: You understand that.
DEFENDANT: Yes, I understand.

Thus, while the trial court's advisements included a statement that the court was not a party to the plea agreement, and not bound thereby, the trial court further expressly advised the defendant that if the plea agreement was not accepted, the defendant would be free to withdraw his guilty plea and proceed to jury trial.

To the extent that the trial court may have failed to strictly comply with the precise advisements required by I.C. § 35–35–1–2, the petitioner has failed to prove that he would not have pled guilty but for the claimed error. Petitioner has failed to prove that the claimed error rendered his plea decision involuntary or unintelligent.

We affirm the denial of post-conviction relief.

We note that appellant's petition for post-conviction relief and proceedings thereon were predicated on case law existing before our recent decision in *White* which reviewed and revised the applicable burden of pleading and proof. Therefore,

if appellant has any other basis upon which to establish that his plea was not voluntary and intelligent, he may file a new petition.

GIVAN, C.J., and PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., concurs in result with opinion.

DeBRULER, Justice, concurring in result.

Compliance with the requirements of the guilty plea statutes is required, however the court need not utilize the exact language of the statute, but can impart the required information through the use of different terms. *McCann v. State* (1983), Ind., 446 N.E.2d 1293; *Laird v. State* (1979), 270 Ind. 323, 285 N.E.2d 452. Here, the court supplied the required information to Holliday, thereby satisfying the requirements of the statute.