David Lee KING, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 1083S379.

Supreme Court of Indiana.

Oct. 31, 1986.

Rehearing Denied Feb. 2, 1987.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant David Lee King appeals from the trial court's denial of a petition seeking review of his guilty pleas. Rule PC 1, Ind.Rules of Procedure for Post-Conviction Relief. We affirm.

In 1981, appellant stood charged in four counts with murder, attempted murder, felony murder, and attempted robbery, all arising out of the attempted robbery of a drug store in Indianapolis during which a man making a delivery to the store was killed. These charges carried penalties totaling 210 years in prison. King entered into a written plea agreement with the prosecutor under which he plead guilty to felony murder, attempted murder, and attempted robbery and received concurrent sentences of 35 years for each. The State dismissed the charge of murder.

King's petition for post-conviction relief alleged that his plea was not voluntary and intelligent because the trial court failed to advise him of the minimum sentence for the offenses to which he was pleading guilty as required by Ind.Code § 35–4.1–1–3(d) (Burns 1979 Repl.).

As the petitioner, King bore the burden of proving the allegation that his plea was involuntary and unintelligent. Appealing from the denial of a post-conviction petition, King stands in the shoes of one seeking review of a negative judgment on the evidence. The trial court which heard the post-conviction proceeding is the sole judge of the weight of the evidence. We reverse only when the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the post-conviction court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

The only evidence provided by King was the transcript of the hearing at which he offered his plea of guilty and was sentenced. These transcripts reveal extensive discussions between King and the trial judge concerning such matters as the nature of the charges pending against the defendant and the penalties attaching thereto, the various rights which King was waiving by pleading guilty, and the factual basis for his plea.

Assessing this evidence, the post-conviction court determined that King's decision had been voluntary and intelligent. There is substantial evidence to support this finding. Moreover, we have recently determined that a mere allegation that the trial court failed to advise a defendant of the minimum possible penalty and a transcript which reveals that such is true does not provide adequate evidence, standing alone, that the defendant's plea was involuntary and unintelligent. *White v. State* (1986), Ind., 497 N.E.2d 893. *Accord, United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

King also argues that the trial court failed to make findings of fact and conclusions of law which were sufficiently specific to permit adequate appellate review, citing Rule PC 1, Section 6, Ind.Rules of Procedure for Post-Conviction Remedies. While it is true that the trial court's findings were quite brief, it is plain enough that the decision was based on the conclusion that appellant had not provided sufficient evidence to carry his burden of proof. Even in the absence of findings or conclusions, where the claims presented would not entitle the petitioner to relief, the failure to issue findings of fact and conclusions of law is harmless error. *Pharris v. State* (1985), Ind., 485 N.E.2d 79, 81.

We note that appellant's petition for post-conviction relief and proceedings thereon were predicted on case law existing before our recent decision in *White* which reviewed and revised the applicable burden of pleading and proof. Therefore, if appellant has any other basis upon which to establish that his plea was not voluntary and intelligent, he may file a new petition.

The judgment of the trial court is affirmed.

GIVAN, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The plea of guilty was given and accepted on November 1, 1981, prior to the effective date in December, 1981, of the rule announced in *German v. State* (1981), Ind., 428 N.E.2d 234 requiring strict compliance by the trial courts of the State with the provisions of the guilty plea statute then existing, which has been recently overruled in *White v. State* (1986), Ind., 497 N.E.2d 893. It should therefore be governed by the totality of the circumstances standard set forth in *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714. Cf. *Sherwood v. State* (1985), Ind., 485 N.E.2d 97. However, the majority does not review appellant's claim that he had not been advised in accordance with the mandate of I.C. 35-4.-1-1-3(d) of the minimum possible sentences for the crimes with which he stood charged by the use of such totality of the circumstances standard, therefore making clear that the *Neeley* holding, insofar as it applies in enforcing the state legal requirements of the statute, has been overruled as well. For the reasons stated in my dissent in *White v. State supra,* and my dissents in *Simpson v. State* (1986), Ind., 499 N.E.2d 205 and *Reid v. State* (1986), Ind., 499 N.E.2d 207; I would hold that the *Neeley* standard applies here, and reverse and remand and require that post-conviction relief be granted in the form of permission to withdraw the plea of guilty and to plead anew.