Stephan A. OWENS, Appellant (Petitioner Below),

v.

STATE of Indiana, Appellee.

No. 2–885–A–257.

Court of Appeals of Indiana, Second District.

Nov. 26, 1986.

SULLIVAN, Judge.

On April 3, 1973, Stephan A. Owens (Owens) was charged with robbery. Just prior to commencement of trial on August 22, 1973, Owens withdrew his not guilty plea and agreed to plead guilty to theft of over $100 in exchange for the State's recommendation of an indeterminate, suspended sentence of one to ten years, plus restitution of $500. The plea agreement was oral. At the guilty plea hearing, on August 7, 1973, Owens received numerous advisements, executed a written waiver of jury trial, and entered his plea of guilty.

Owens appeals from a denial of post-conviction relief and presents several multi-faceted issues which we have distilled into the following:

(1) Whether the trial judge's failure to advise Owens that his sentence could be enhanced by reason of prior convictions constitutes fundamental error, which permits presentation of the issue for the first time on appeal.

(2) Whether the post-conviction court erred in denying Owens' motion to amend the post-conviction petition after the hearing on the merits but prior to the entry of judgment.

(3) Whether counsel in the appeal from denial of his first post-conviction petition rendered ineffective assistance in failing to assert error concerning the advisement of the right to a public and speedy jury trial.

(4) Whether the cumulative effect of the alleged errors rendered Owens' guilty plea involuntary, unknowing and unintelligent.

At the outset, we deem it necessary to address Owens' contention that the failure to parrot the guilty plea statute constitutes fundamental error. It is not the omitted advisement which constitutes error, but rather the impact of the omission upon the knowing, intelligent and voluntary character of the plea. *See Blankenship v. State* (1984) Ind., 465 N.E.2d 714.

Susan K. Carpenter, Public Defender, Richard Ranucci, Sp. Asst. to Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

The indiscriminate labeling of error as "fundamental" has been used and misused in attempts to obtain review of issues mistakenly or negligently omitted from earlier requests for relief. As originally conceived, fundamental error is error that is so egregious that it denies the defendant due process and constitutes an affront to the integrity of the judicial system. *Roberts v. State* (1986) Ind., 492 N.E.2d 310; *Terry v. State* (1984) Ind., 465 N.E.2d 1085. A faulty or omitted advisement may result in an involuntary plea giving rise to an instance of "fundamental" error because a defendant cannot meaningfully and intelligently waive rights of which he is not aware. *Brown v. State* (1982) 4th Dist. Ind.App., 435 N.E.2d 582, cited with approval in *Gosnell v. State* (1985) Ind., 483 N.E.2d 445, 447.

However, mere characterization of error as "fundamental" will not necessarily trigger an automatic review and reversal. In a related context, our Supreme Court has stated that error which was available upon direct appeal will not be the basis for a subsequent post-conviction petition. *Bailey v. State* (1985) Ind., 472 N.E.2d 1260. To do otherwise would

> " 'unreservedly hold the door open for appellate review under the post-conviction remedy rules, regardless of the circumstances which preceded, [and] perforce characterize post conviction relief as some sort of 'super appeal' contrary to its intended function.' " 472 N.E.2d at 1263, *quoting Langley v. State* (1971) 256 Ind. 199, 210, 267 N.E.2d 538, 544. *See also Cummings v. State* (1986) Ind., 495 N.E.2d 181.

*Bailey*'s analysis is equally applicable in the context of post-conviction petitions addressing the validity of convictions pursuant to guilty pleas. *See* Ind. Rules of Procedure, Post-Conviction Rule 1, § 8, and *Mosley v. State* (1985) Ind., 477 N.E.2d 867,

868 ("a petitioner is estopped to raise, in a subsequent petition, an issue available to him when he filed a previous petition in which he verified that he had raised 'every ground known' for relief"). *See also Robinson v. State* (1986) Ind., 493 N.E.2d 765, 767, (the Court, in *dictum*, stated that it would "not review an issue that is not specifically raised and argued in the brief on post-conviction appeal"). The *Robinson* court cited *Dixon v. State* (1984) Ind., 470 N.E.2d 728, which like *Bailey, supra*, addressed the waiver of issues available but not presented on *direct* appeal.[1] *Robinson*, however, involved a second post-conviction petition, filed subsequent to the denial of an earlier petition which challenged the Defendant's plea of guilty to murder.

While a defendant may be entitled to judicial review of issues originally omitted through no fault of his, it is inappropriate to permit a defendant, without valid justification, to litigate the validity of his guilty plea in piece-meal fashion.

This appeal is premised upon the denial of relief requested in Owens' *third* post-conviction petition. The first petition was filed *pro se* on December 16, 1980, and denial of relief there requested was affirmed by this Court in a memorandum decision issued July 28, 1982. Owens was represented by counsel in that appeal. Owens' second petition, filed September 12, 1983, also *pro se*, was dismissed September 26, 1983, upon motion by the State, for failure to comply with the requirements of Post Conviction Rule 1, Section 3. Shortly thereafter, on October 17, 1983, Owens filed the third petition, alleging substantially the same grounds as in the first petition—that his 1973 guilty plea was not knowing, intelligent or voluntary due to omitted or defective advisements at the time of the guilty plea. At the hearing on this petition, Owens' oral motion to amend the petition was granted; however, two

---

**1.** We note, however, a very recent and seemingly different approach in *Brewer v. State* (1986) Ind., 496 N.E.2d 371. *Brewer* involved a death sentence thereby perhaps inviting a more considered evaluation of the post-conviction allegations. Nevertheless, the Court relying upon *Bailey*, held that *Brewer* had "waived" several contentions, yet felt compelled to examine the merits of those contentions to determine whether Brewer had been prejudiced, i.e., whether the errors were "fundamental."

subsequent motions to amend, filed after the hearing but prior to judgment, were denied. Inasmuch as Owens' appeal challenges virtually every advisement required to be given by I.C. 35–4.1–1–3 (repealed),[2] including some disposed of in the earlier appeal, we will be so bold as to presume that this decision will end all further litigation with respect to Owens' 1973 guilty plea. *See White v. State* (1986) Ind., 497 N.E.2d 893.[3]

### I.

Owens first argues that the trial judge was required to advise him that his sentence could be increased by reason of prior convictions. Owens contends that the failure to so advise constitutes fundamental error and renders his guilty plea unknowing, unintelligent and involuntary.

Judge Shields and Chief Judge Buchanan reject appellant's argument with respect to this issue upon grounds that appellant has waived it. The author of this opinion would not dispose of the issue on that basis. Rather, I would determine that the advisement which Owens received was adequate and fulfilled the purpose of the statute. Hence, under my approach, Owens' contention that the error was "fundamental," and, therefore, not subject to a claim of waiver need not be addressed.

At the time Owens pleaded guilty to theft of over $100, the statutory penalty provided for a fine not to exceed five thousand dollars, or imprisonment for an indeterminate term of "not less than one [1] year nor more than ten [10] years, or both." Ind.Ann.Stat. § 10–3039(3) (Burns Supp.1975). *See also Langley v. State* (1971) 256 Ind. 199, 267 N.E.2d 538.

In *Wright v. State* (1986) Ind., 490 N.E.2d 732, 734, the Court held that a guilty plea is not vitiated because the trial court failed to advise a defendant concerning the effect of prior convictions if, in fact, the sentence pursuant to the plea agreement was not subject to enhancement. The Court stated that omission of this advisement did not affect the character of the plea because the "trial court had no power to diminish or enlarge an indeterminate sentence." 490 N.E.2d at 734, *quoting Stonebreaker v. State* (1985) Ind., 476 N.E.2d 837, 839.

Owens pleaded guilty to a crime calling for an indeterminate sentence of one to ten years, the only penalty provided by statute, in exchange for the State's recommendation that the sentence be suspended. As in *Wright, supra,* 490 N.E.2d 732, Owens' sentence could not be enhanced or enlarged. Our Supreme Court's holdings in *Wright* and *Stonebreaker, supra,* 476 N.E.2d 837, indicate that at least with respect to pre-*German* guilty pleas, the advisements were strictly required only where clearly applicable to the particular plea. I would therefore hold that Owens was adequately advised in this respect.

### II.

Owens next argues that error occurred with respect to the post-conviction court's refusal to permit Owens to amend the petition after hearing upon the petition but prior to entry of judgment thereon.

Post Conviction Rule 1, § 4(c) provides "At any time prior to entry of judgment the court may grant leave to withdraw the petition, and the petitioner shall be given leave to amend the petition as a matter of right."

The provisions in § 4(c) are severable and do not require that a petitioner first ask leave to withdraw the petition, but "grants the petitioner an absolute right to amend a present petition for post-conviction relief

---

**2.** For current law, see I.C. 35–35–1–2, –3 (Burns Code Ed.Repl.1985).

**3.** The writer of this opinion would note, however, that subsequent to *White v. State, supra,* waiver has not been strictly applied to post-conviction relief claimants. In light of the change of law enunciated in *White,* our Supreme Court

has indicated a willingness to consider a subsequent post-conviction petition. *King v. State* (1986) Ind., 499 N.E.2d 213; *Holliday v. State* (1986) Ind., 498 N.E.2d 1239; *Reid v. State* (1986) Ind., 499 N.E.2d 207; *Simpson v. State* (1986) Ind., 499 N.E.2d 205.

prior to judgment." *Neeley, supra,* 382 N.E.2d at 716. "This is consistent with the total purpose of the post-conviction rules which envisions simplification of the post-conviction procedure by requiring petitioner to present all of his reviewable issues in one petition, in order to avoid a multiplicity of post-conviction petitions." *Id.*

However, although the trial court erred in refusing to permit the amendment, Owens is not entitled to have the guilty plea set aside. The trial court's refusal did not impact upon the plea. At most, Owens is entitled to review of the issues presented by the amendment. Owens argues that the trial court failed to advise him

(1) of the nature of the charge,

(2) that the guilty plea constituted admission of the facts alleged,

(3) that judgment and sentencing proceed after the guilty plea, and

(4) that the court was not a party to the plea agreement.

■ Owens may not now successfully assert any error which may have occurred with respect to the advisements numbered 1 and 4. In the Memorandum Decision rendered by our Fourth District on July 28, 1982, it was determined that the trial court "informed him [Owens] of (a) the nature of the crime, . . . and (d) the court was not bound to accept the State's recommendation." Record at 131. That the factual determinations are conclusory in nature and do not recite the specifics of the actual advisements does not detract from the binding effect of those determinations. *Callahan v. Lovelace Truck Service* (1976) 2d Dist. 169 Ind.App. 162, 164, 346 N.E.2d 623, 624 ("The facts established of record which gave rise to the 'law of the case' are as cognizable as the law itself"). Even an erroneous determination, if not appealed, is binding upon the parties in the same or in a related case. *See Jensen v. Laudig* (1986) 4th Dist. Ind.App., 490 N.E.2d 405, 406. The prior determinations by the Court of Appeals that Owens had been informed of the nature of the crime and that the court was not bound to accept the State's recom-

mendation have become the law of the case.

The holding of this court as set forth in the separate opinion of Judge Shields, joined by Chief Judge Buchanan, is that Owens has waived his claim concerning failure of the trial court to advise him that the plea constituted admission of the facts alleged and that judgment and sentencing would proceed after acceptance of the plea. As with respect to Issue I, *supra,* the author of this opinion prefers to consider the merits of the contentions.

■ The assertion of Owens that he was not advised that the guilty plea constitued admission of the facts alleged is belied by the record of the guilty plea hearing:

"Q. You are entering a plea of guilty to the offense of theft of property over the value of $100 and it is based on the facts contained in this affidavit which was filed against you, in which you were charged with Robbery. It says that on or about the 28th of June, 1972 here in Marion County, Indiana, that you unlawfully and feloneously, forceably and by violence and putting H.R. McCollum, did take from the person and possession of H.R. McCollum money of the value of $1500, which property H.R. McCollum was lawfully holding in his possession, but was the property of the 7–11 Food Stores. Do you understand those are the facts upon which you are basing your plea?

A. Yes I do." Record at 49.

At a later time during the hearing, Owens specifically admitted the alleged facts:

"Court: Alright Mr. Owens, what part did you have in this particular robbery?

Mr. Owens: I was one of the robbers.

Court: But what did you actually do?

Mr. Owens: I asked the manager for the money.

Court: Did you have a gun?

Mr. Owens: Yes I did.

Court: What kind of gun did you have?

Mr. Owens: A .32." Record at 53.

■ With respect to Owens' allegation that he was not informed that judgment and sentencing would proceed after acceptance of the guilty plea, I would consider *Pharris v. State* (1985) Ind., 485 N.E.2d 79, dispositive. In *Pharris,* the petitioner also contended that the trial court's failure to advise him according to statute constituted grounds to set aside the guilty plea. The Supreme Court there held:

"A defendant who enters a guilty plea will of course know that a judgment will subsequently be entered and sentencing will be pronounced. The significance of the advised waivers that he admits were given by the court, was to advise him that was all the trial he would receive.... Although a trial court is obligated to inform a defendant that the result of his plea will be to proceed with judgment and sentencing, precise statutory language need not be used." 485 N.E.2d at 80.

It is clear from the record that Owens was well aware that entry of a guilty plea would be followed by judgment and sentencing. The trial judge gave Owens a detailed explanation of the elements of a jury trial, and Owens expressly stated he was aware of jury trial procedures. Furthermore, Owens voluntarily executed a waiver of jury trial. Finally, the trial judge indicated that following acceptance of Owens' plea a pre-sentence investigation would be ordered and a sentencing hearing set. In short, Owens knew that acceptance of his guilty plea would end proceedings except for judgment and sentencing.

Owens was sufficiently apprised of the rights waived by and potential consequences of the guilty plea. Thus, any error occasioned by the post-conviction court's refusal to permit the amendments was harmless as a matter of law.

### III.

■ The next contention of error alleges that Owens' attorney on appeal from denial

of his first post-conviction petition provided ineffective assistance of counsel by failing to present the issue of the advisement of the right to a public trial.[4] Owens argues that the trial court never used the word "public" and that this error renders his plea invalid.

In reviewing a claim of ineffective assistance of counsel, we require strong and convincing evidence to rebut the presumption that counsel was competent and rendered effective assistance. *Brown v. State* (1982) Ind., 442 N.E.2d 1109, 1117. "To prove ineffective assistance of counsel, a defendant 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Dillon v. State* (1986) Ind., 492 N.E.2d 661, 665, *quoting Strickland v. Washington* (1984) 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698.

Pursuant to *Wright v. State, supra,* 490 N.E.2d 732, 734, a discussion of the function and make-up of a jury, of the right to compulsory process, and of the right to confront one's accusers adequately conveys the meaning of a public trial. The trial judge need not employ the exact statutory language or terms.

Owens executed a written waiver of his right to a jury trial and deleted the language concerning a speedy trial. The waiver occurred after a detailed discussion of the function, make-up and procedures of a jury trial. The advisement sufficiently conveyed to Owens the nature of the rights subject to waiver by the guilty plea. *See Blankenship, supra,* 465 N.E.2d 714. Quite obviously, counsel does not render ineffective assistance for failing to present an unmeritorious issue.

### IV.

The advisements which Owens received sufficiently apprised him that a guilty plea

---

**4.** Owens apparently concedes that the written jury waiver he signed adequately advised him of his right to a *speedy* jury trial.

constituted a waiver of rights and procedural protections which accompany the trial process. I would conclude, therefore, that Owens knowingly, intelligently and voluntarily relinquished his statutory and constitutional rights.

The judgment of the post-conviction court is affirmed in all respects.

SHIELDS, J., concurs in result and files separate opinion, in which BUCHANAN, C.J., concurs.

SHIELDS, Judge, concurring.

In my opinion, Owens has waived any issue he raised or could have raised during the course of his previous post-conviction relief proceedings. Therefore, he has waived, and we should not address, those issues involving the trial court's alleged failure to properly advise Owens in accordance with Ind.Code § 35–4.1–1–3 (repealed). However, in my opinion, Owens did not waive, nor could he have, the issue of whether the post-conviction relief court erred in refusing to permit him to amend his petition after hearing but prior to judgment.[1] Similarly, he did not waive the claim his previous post-conviction relief appellate counsel provided ineffective assistance of counsel.[2] I fully concur in Judge Sullivan's opinion on these two issues.

BUCHANAN, C.J., concurs.

1. The amendment issue could not have been waived during the course of previous post-conviction relief proceedings because it arose as a result of the manner in which the present proceeding was conducted.

2. Owens asserts the counsel who represented him on the appeal of the denial of his first

petition for post-conviction relief was ineffective. Owens raised the ineffectiveness issue in his second petition for post-conviction relief which was dismissed as facially deficient. He again raised it in the present petition. Therefore, he raised the issue at the earliest opportunity and has continued to pursue it.