**John GREEN, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee.**

**No. 49A02–8612–PC–458.**

Court of Appeals of Indiana, Second District.

July 18, 1988.

establish beyond a reasonable doubt the elements of murder, a class A felony.

We affirm.

Green was convicted in 1981 following a jury trial. He appealed in 1982, claiming insufficient evidence in that he had acted in self defense. The trial court's judgment was affirmed. *Green v. State* (1982) Ind., 438 N.E.2d 266. Green then filed a petition for post-conviction relief and again claimed insufficient evidence, this time premised upon the theory of "sudden heat" which would render the crime voluntary manslaughter rather than murder. The court denied his petition.

■ The State argues at the outset that Green, having failed to present the issue of voluntary manslaughter on direct appeal, may not now raise it in a post-conviction proceeding. Generally, errors not raised on direct appeal are considered waived for purposes of post-conviction relief. Fundamental error, however, may be raised in a post-conviction proceeding though not presented on direct appeal, so long as the error falls within the Indiana Rules of Procedure for Post–Conviction Remedies. *Bailey v. State* (1985) Ind., 472 N.E.2d 1260.[1]

■ Green correctly asserts that conviction without sufficient evidence is fundamental error. The United States Supreme Court has held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship* (1970) 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368. As our court's Judge Ratliff has reasoned, it follows that "conviction of an offense where evidence and reasonable inferences of a material element of the offense are totally lacking must be [fundamental error]," *Meredith v. State* (1982) 1st Dist.Ind.App., 439 N.E.2d 204, 208, error so egregious that it denies due process. *Roberts v. State* (1986) Ind.,

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

John Green (Green) appeals the denial of his petition for post-conviction relief in which he alleged insufficient evidence to

1. We recognize that *Resnover v. State* (1987) Ind., 507 N.E.2d 1382, clearly implies that the post-conviction court will not consider any issue available on direct appeal. It surely does not, however, make the doctrine of fundamental error completely inapplicable in a post-conviction proceeding. *See Lane v. State* (1988) Ind., 521 N.E.2d 947.

492 N.E.2d 310; *Owens v. State* (1986) 2d Dist.Ind.App., 500 N.E.2d 756.

The fundamental error of conviction without sufficient evidence comes within the purview of Ind.Rules of Procedure, Post–Conviction Remedies Rule 1, § 1(a)(1), which extends the opportunity for relief to one who claims "that the conviction or the sentence was in violation of the Constitution of the United States. . . ." *Id.* Because it satisfies the *Bailey* requirement that the alleged error fall within the rules of post-conviction procedure, Green has not waived the issue despite his failure to argue it on direct appeal.

In determining the effect of Green's allegation of error, we apply the standard for post-conviction review recited in *Resnover v. State* (1987) Ind., 507 N.E.2d 1382, 1384, *cert. denied,* — U.S. —, 108 S.Ct. 762, 98 L.Ed.2d 779 (1988):

> "[A]ppellant is in the position of one contesting a negative judgment. Only if the evidence is without conflict and leads to but one conclusion, and the [trier of fact] reached an opposite conclusion, will we reverse that judgment as being contrary to law."

Under this standard, we conclude sufficient evidence was presented to justify Green's conviction. The decedent was killed by a bullet discharged from a gun in Green's possession. The record reflects varying evidence as to not only the means by which the gun was fired, but the conversations and events leading to the fatal shot.[2] Though a determination of voluntary manslaughter might not have been inappropriate based on the evidence, the jury's decision that Green committed murder was not unreasonable. The evidence did not lead only to the one conclusion proposed by Green. No fundamental error warranting reversal occurred.

The judgment is affirmed.

ROBERTSON, J., concurs.

SHIELDS, P.J., concurs in result and files separate opinion.

---

SHIELDS, Presiding Judge concurring.

I concur in result. Because the issue John Green presents in his post-conviction proceeding was available on his direct appeal, he waived it when he failed to argue it on his direct appeal. Therefore, the issue is unavailable in a post-conviction proceeding unless it forms the basis for a claim of ineffective appellate counsel. Green failed to make a claim of ineffective appellate counsel and, accordingly, the post-conviction court did not err in denying him relief. *Wickliffe v. State* (1988), Ind., 523 N.E.2d 1385, 1388; *Resnover v. State* (1987), Ind., 507 N.E.2d 1382; *Bailey v. State* (1985), Ind., 472 N.E.2d 1260.

---

2. For example, Green testified before the jury that the gun accidentally discharged when he tossed it to the decedent whereas the testimony of witnesses indicates Green raised the gun and fired it. One witness claimed Green expressed a desire not to hurt the decedent; others said Green graphically expressed his intent to kill the decedent.